[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2006
THOMAS K. KAHN
CLERK

———————————————

No. 06-12451
Non-Argument Calendar

———————————————

D. C. Docket No. 00-02080-CV-UWC-NE

MARILYN CAMPBELL,
JOSEPH R. CAMPBELL,

Plaintiffs-Appellees,

versus

RAINBOW CITY, ALABAMA,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Alabama

———————————————

**(November 30, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Before taking a previous appeal in this case, defendant-appellant Rainbow

City obtained a supersedeas bond to secure a judgment against it exceeding $1 million. Rainbow City thereby became entitled to a stay on appeal under Fed. R. Civ. P. 62(d). The appeal was successful, and the judgment was reversed. The district court then held that Rainbow City and not the plaintiff-appellee Campbells should bear the cost of the premiums on that supersedeas bond. In this case we must decide whether the district court's decision was improper.

The previous appeal was from a jury verdict in favor of the Campbells on their 42 U.S.C. § 1983 claims against Rainbow City. Rainbow City obtained a supersedeas bond to take advantage of Fed. R. Civ. P. 62(d), which provides for a stay of a district court judgment during appeal when the appellant posts a bond to cover the amount of the judgment. The total cost of the bond premiums during the pendency of the appeal was over $36,000. Rainbow City did not ask the district court to stay the judgment without requiring a bond, as the district court had the authority to do. See United States v. Certain Real & Pers. Prop. Belonging to Hayes, 843 F.2d 1292, 1296 (11th Cir. 1991).

On appeal, this Court reversed the trial court judgment and directed the trial court to enter a judgment in favor of Rainbow City and its co-defendants. Campbell v. Rainbow City, 434 F.3d 1306 (11th Cir. 2006). Rainbow City filed a bill of costs in the appellate court, which was granted. That bill did not deal with

2

any of the costs "taxable in the district court" under Fed. R. App. P. 39(e). Back in the district court, Rainbow City moved to have those costs taxed to the Campbells. The district court taxed the Campbells with the costs of the appellate filing fee, court reporter fees, copying charges, and other costs, but declined to tax them with the cost of the premiums on the supersedeas bond, for three reasons.. First, it had not required Rainbow City to obtain the bond. Second, the district court believed it did not have the authority to tax the premiums because they were not included in the list of costs enumerated in 28 U.S.C. § 1920. Finally, citing Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328 (11th Cir. 1997), the district court believed it did not have the authority to tax the premiums because the appellate court had not taxed them.

Rainbow City argues that the district court had no discretion to decline to tax the bond premiums. Fed. R. App. P. 39 provides, in pertinent part,

> **(a) Against whom assessed.** The following rules apply unless the law provides or the court orders otherwise:
> . . .
> (3) if a judgment is reversed, costs are taxed against the appellee. . .
>
> . . .
>
> **(e) Costs on appeal taxable in the district court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
> . . .

3

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal. . .

Rainbow City concedes that the Court of Appeals, pursuant to the "court orders otherwise" language in 39(a), may decline to tax the losing appellee with the cost of the bond. But Rainbow City argues that if the appellate court does not make a cost allocation, the district court is required to tax the premiums "against the appellee" pursuant to Rule 39(a)(3).

We believe Rainbow City's reading of Rule 39 is incorrect. Rule 39(a) restricts *the parties* the district court may tax. If the judgment is reversed, for example, 39(a)(3) prevents the district court from taxing the appellant with any of the costs on appeal (unless the appellate court orders otherwise). But the district court then does have discretion under 39(e) to decline to tax the enumerated costs against the appellee. The language of 39(e) is permissive, not mandatory. It provides that the enumerated costs "are taxable," not that they "must be taxed," as Rainbow City would have it.

Our reading of 39(e) is reinforced by the fact that a district court generally does have discretion to award or not award costs to prevailing parties. See Fed. R. Civ. P. 54(d); Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235, 85 S. Ct. 411, 416 (1964). We see no reason to adopt a different interpretation of the Rule 39(e)

4

costs "taxable" in the district court.  Thus, although the district court has no discretion to tax a party that prevailed at the Court of Appeals (pursuant to 39(a)), it does have the discretion not to tax the losing party with all the costs enumerated in 39(e).

The other Courts of Appeals agree with our interpretation of Rule 39.  The seven courts to face the issue have not held that the district court must automatically tax the Rule 39(e) costs to the losing party.  Rather, they have all reviewed a district court's decisions under 39(e) for abuse of discretion.  See Magers v. Bonds, No. 03-1292, 2003 U.S. App. LEXIS 17767, at *3 (4th Cir. Aug. 26, 2003) (unpublished); Emmenegger v. Bull Moose Tube Co., 324 F.3d 616, 626 (8th Cir. 2003); Dana Corp. v. IPC Ltd. Pshp., No. 90-1443, 1991 U.S. App. LEXIS 1080, at *8 (Fed. Cir. Jan. 25, 1991) (unpublished); Berthelsen v. Kane, 907 F.2d 617, 623 (6th Cir. 1990); Johnson v. Pac. Lighting Land Co., 878 F.2d 297, 298 (9th Cir. 1989); Bose Corp. v. Consumers Union of U.S., Inc., 806 F.2d 304, 305 (1st Cir. 1986); Lerman v. Flynt Distrib. Co., 789 F.2d 164, 166 (2d Cir. 1986).

Our decision in Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328 (11th Cir. 1997) is not to the contrary.  In that case, the Court of Appeals vacated the district court judgment rather than

5

reversing it. That meant the case fell under Fed. R. App. P. 39(a)(4), which provides that in cases where the Court of Appeals affirms in part, reverses in part, vacates, or modifies the district court judgment, "costs are taxed only as the court orders." In Golden Door, this Court held that in 39(a)(4) situations, a district court may order only those costs that the appellate court orders, and if the appellate court order fails to explicitly grant a class of costs, the district court "must interpret that silence as a rejection of those costs." Id. at 1340. In essence, in cases under Rule 39(a)(4), only the appellate court retains discretion to award or not award costs.

This case is far different. The judgment was reversed, so Rule 39(a)(3) controls, not Rule 39(a)(4). Rule 39(a)(3) does not have a similar provision limiting the cost award to what the appellate court orders. The district court's discretion under 39(e) is therefore not qualified, and it may choose not to tax the losing party with those costs "taxable" in the district court. Here, the costs could only be taxed to the Campbells, but the district court retained discretion under 39(e) to determine which costs the Campbells had to bear.[1]

---

[1] Rainbow City's other proffered case (an unpublished panel decision from the Fifth Circuit) is also inapposite. Like Golden Door, the case deals with a case that fell under 39(a)(4), not 39(a)(3). See In re Sioux, Ltd. Sec. Litig., No. 87-6167, 1991 U.S. App. LEXIS 25550, at *1 (5th Cir. March 4, 1991) (unpublished).

The operative question, then, is whether the district court abused its discretion when it declined to tax the Campbells with the supersedeas bond premiums. See, e.g., Johnson v. Pac. Lighting Land Co., 878 F.2d 297, 298 (9th Cir. 1989) (reviewing taxation of costs under 39(e) for abuse of discretion). As under Fed. R. Civ. P. 54(d), the district court must have and state a sound reason for declining to tax costs to the losing party. See Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (stating that Rule 54 "establishes a presumption that costs are to be awarded to a prevailing party," and "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.").

Two of the district court's reasons were not sound. First, the court cited Golden Door, holding that because the appellate court had not taxed the cost of the bond, the district court was not authorized to do so. As we discussed above, Golden Door was not on point. Pursuant to Rule 39(a)(3) and 39(e), the district court did have discretion to tax the cost of the bond to the Campbells, and Golden Door did not constitute a good reason for declining to do so.

Second, the district court held that it was not authorized to tax the cost of the supersedeas bond because it is not one of the costs mentioned in 28 U.S.C. § 1920, a statute that authorizes taxation of certain costs. But the language of §

7

1920 is permissive, not restrictive.  This Court held in <u>Adsani v. Miller</u>, 139 F.3d 67, 75 (11th Cir. 1998) that § 1920 does not exhaust the class of costs that may be taxed in the district courts.  Rule 39(e) is an independent source of authority giving the district court discretion to tax supersedeas bond premiums.  The district court thus had discretion to tax the cost to the Campbells, and the district court's perceived lack of authority did not constitute a reason to decline to do so.

The district court also, however, declined to tax because "a bond to supercede the judgment was not required by this Court."  We find that this was a sufficient reason for declining to tax the Campbells with the premiums.  Rainbow City procured the bond on its own, without being required to do so by the district court to obtain a stay on appeal.  Moreover, because Rainbow City is a municipality with ample assets, insurance, and little likelihood of defaulting on the judgment, the court likely would have waived the bond requirement if it had been asked.  <u>See</u> <u>United States v. Certain Real & Pers. Prop. Belonging to Hayes</u>, 843 F.2d 1292, 1296 (11th Cir. 1991) (noting that bond requirement may be waived in discretion of district court); <u>Dillon v. City of Chicago</u>, 866 F.2d 902, 904 (7th Cir. 1988) (finding abuse of discretion where district court refused to waive bond requirement for municipal defendant).  As a result, the district court did not abuse its discretion in determining that the bond was unnecessary and the premiums

should not be borne by the unsuccessful appellees.  The district court's order is therefore

**AFFIRMED.**